David H. Krieger, Esq.
Nevada Bar No. 9086
Shawn W. Miller, Esq.
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
smiller@hainesandkrieger.com

Attorney for Plaintiff
*TERRENCE CLARK*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRENCE CLARK, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| ODIAGA AUTO SALES, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff TERRENCE CLARK, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently,

knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action is also brought under Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq*. ("NRS 41.600") for Defendant's deceptive trade practices as further described herein.

3. Plaintiff also alleges common-law conversion, as a result of Odiaga's unlawful repossession.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the TCPA. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012). The Court has supplemental jurisdiction to hear any and all state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## **PARTIES**

6. Plaintiff makes the following allegations upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

7. Plaintiff TERRENCE CLARK ("Plaintiff") is an adult individual residing in Las Vegas, Nevada.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant ODIAGA AUTO SALES ("Odiaga") is doing business in Clark County, State of Nevada.

10. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

14. In *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS includes: "equipment which has the capacity—(1)

to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)[.]"[1]  The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

15.  Consumers have a right to revoke consent from receiving autodialed calls or prerecorded messages by using any reasonable method including orally or in writing.  *Gager v. Dell Fin. Servs., LLC*, 12-2823, 727 F.3d 265, 2013 U.S. App. LEXIS 17579, 2013 WL 4463305 (3d Cir. Aug. 22, 2013).

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

16.  On May 18, 2019, Plaintiff and Odiaga entered into a purchase agreement for a 2014 Ford Fusion ("Vehicle").  Plaintiff made a $100 deposit on the Vehicle.  Plaintiff took possession of the Vehicle on May 20, 2019.

17.  Plaintiff financed $8,858.50 ("Loan") through UNITED AUTO CREDIT ("United") to pay for the Vehicle.  The Loan called for Plaintiff's monthly payments in the amount of $372.86 to commence June 17, 2019.  The Loan also allowed a ten day grace period, and required Plaintiff to be at least 30 days past due before the Vehicle could be repossessed.

---

[1] --- F.3d ----, 2018 WL 4495553, at *9 (9th Cir. Sept. 20, 2018). Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.* at *9.

18. On June 19, 2019, Plaintiff contacted United to inform it he would be late on his payment and made arrangements with United for the payment.

19. However, Odiaga called and texted Plaintiff June 20 regarding Plaintiff's payment on the Loan. Plaintiff contacted Odiaga to inform it he had already made arrangements with United regarding that month's payments.

20. Upon information and belief, Odiaga employed an "automatic dialer" as that term is defined in 47 USC § 227 (a)(1) in making all telephone calls and texts described herein.

21. Odiaga then called Plaintiff's mother-in-law June 24 to demand Plaintiff make a payment on the Loan.

22. On June 27 and July 2, Odiaga sent an employee to Plaintiff's home to demand payment on the Loan.

23. On July 8, 2019, Plaintiff made his first monthly payment on the Loan, of $188 to United.

24. On July 9, 2019, Plaintiff made another payment on the Loan, this time $185, to United.

25. Notwithstanding these payments, Odiaga continued harassing Plaintiff in its debt collection efforts.

26. On July 10, 2019, Odiaga against texted Plaintiff. On July 20, Odiaga's called Plaintiff and threatened to repossess the Vehicle. On July 26,

Odiaga again called Plaintiff to demand return of the Vehicle. Plaintiff then returned the call to Odiaga, and instructed it to cease contacting him.

27. Plaintiff spoke directly with United on July 20 and 27, 2019, regarding the Loan, and United stated it was not instructing Odiaga to make any dunning attempts regarding the Loan.

28. On August 1, 2019, Odiaga again called Plaintiff's mother-in-law to collect on the Loan. Odiaga also texted Plaintiff on August 1, 3, and 7, stating United had been unable to contact Plaintiff regarding the Loan.

29. On August 13, 2019, Plaintiff made a payment of $402.72 on the Loan, and confirmed the payment with United.

30. Notwithstanding Plaintiff's payments, Odiaga repossessed the Vehicle September 5, 2019. Plaintiff contacted Odiaga, which informed him the Vehicle had been repossessed due to a failure to make payments on the Loan. However, a monthly statement Plaintiff received from United, dated August 28, 2019, indicated Plaintiff was due only for the August 2019 payment as can be seen below.

## Monthly Statement

Statement Date: 08/28/2019
Name: TERRENCE R CLARK

| Payment Due | Amount Due |
|---|---|
| 09/17/2019 | $760.72 |

### Account Summary

| | |
|---|---|
| Last Payment Received: | 08/14/2019 |
| Amount Received: | $402.72 |
| Past Due Payments (Due Now): | $372.86 |
| Late Fees: | $15.00 |
| Miscellaneous Fees: | $0.00 |
| Current Monthly Payment: | $372.86 |
| Total Amount Due*: | $760.72 |

*May include a shortage from the last payment

31.     Plaintiff contacted United regarding the repossession, and United stated it had not instructed Odiaga to repossess the vehicle.

32.     Plaintiff subsequently contacted United and Odiaga on multiple occasions thereafter in an attempt to have the Vehicle returned to him, but met with no success.

///

## COUNT I

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq*.)

33. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

34. Odiaga negligently placed multiple automated calls to a cellular number belonging to Plaintiff without Plaintiff's prior express consent.

35. Each of the aforementioned calls by Odiaga constitutes a negligent violation of the TCPA.

36. As a result of Odiaga's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Odiaga in the future.

## COUNT II

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

38. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39. Odiaga knowingly and/or willfully placed multiple automated calls to

cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

40. Each of the aforementioned calls by Odiaga constitutes a knowing and/or willful violation of the TCPA.

41. As a result of Odiaga's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Odiaga in the future.

## **COUNT III**

### **Conversion**

43. "A conversion occurs whenever there is a serious interference to a party's rights in his property." E.g., Wantz v. Redfield, 74 Nev. 196, 326 P.2d 413 (1958). "When this happens the injured party should receive full compensation for his actual losses." E.g., Bader v. Cerri, 96 Nev. 352, 356, 609 P.2d 314, 317 (1980), overruled on other grounds by Evans v. Dean Witter Reynolds, Inc., 116 Nev. 598, 5 P.3d 1043 (2000).

44. As detailed above, Odiaga seriously interfered with Plaintiff's right to possession of the Vehicle.

45. Odiaga exercised unlawful dominion and control over the over the Vehicle, in denial of, or inconsistent with, Plaintiff's title or rights therein by unlawfully taking and keeping possession of the Vehicle in derogation, exclusion, or defiance of Plaintiff's title or rights in the Vehicle.

46. The appropriate measure of damages for conversion of personal property, when a defendant keeps possession of the converted property, is the full value of the property at the time of conversion. Bader, 96 Nev. At 356 (citing Dixon v. Southern Pacific Co., 42 Nev. 73, 172 P. 368, 177 P. 14, 179 P. 382 (1918)). Here, that is in the amount of $15,644.26.

47. As a result of Odiaga conversion of the Vehicle, Plaintiff suffered actual damages as mental anguish, emotional distress, and spent time disputing Odiaga actions, and has incurred expenses in attempting to have the Vehicle returned and in making arrangements for alternative transportation. Plaintiff is therefore entitled to actual damages in an amount to be determined at trial, plus loss of opportunity and consequential damages in an amount to be determined at trial.

48. Odiaga conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Odiaga and deter others from like conduct.

49. Pursuant to NRS 18.010(2)(a), Plaintiff seeks to recover her attorneys' fees if she recovers less than $20,000.00.

## COUNT IV

**Odiaga's Violations of Nevada's
Deceptive Trade Practices Act
(NRS 598.0918)**

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. NRS 598.092(10) specifically makes it a deceptive trade act to "[r]epossesses a vehicle from a debtor pursuant to NRS 104.9609 before default by the debtor as defined in the form for the contract for the sale of the vehicle."

52. Here, Odiaga repossessed the Vehicle at a time Plaintiff was not in default under the terms of the Loan sufficient for the Vehicle to be repossessed.

53. As a direct consequence of Odiaga illegal repossession of the Vehicle, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, and has otherwise been totally annoyed by Odiaga repossession of the Vehicle. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and money in arranging alternative transportation.

54. Odiaga's violations of NRS 598.0918 constitute violations of NRS 41.600 and Plaintiff is entitled to relief under NRS 41.600.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of actual damages and punitive damages against Defendant on Plaintiff's claim of conversion;

5. Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

///

///

6. award of attorney's fees and costs to counsel for Plaintiff; and

7. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 16, 2019

<u>/s/ David H. Krieger, Esq.</u>
David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518

Attorney for Plaintiff
*TERRENCE CLARK*